AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

__SOUTHERN__ DISTRICT OF __NEW YORK__

MARIE-CLAIRE NIVELLE,

Plaintiff

**SUMMONS IN A CIVIL CASE**

V.

PRUDENTIAL FINANCIAL, INC and
PRUDENTIAL INSURANCE COMPANY
OF AMERICA

Defendants

CASE NUMBER: JUDGE HOLWELL

**05 CV 0985**

TO: (Name and address of defendant)

PRUDENTIAL FINANCIAL, INC.
Prudential Plaza
Newark, New Jersey 07102

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

JOSEPH A. FRENCH & ASSOCIATES, PLLC
20 Exchange Place, 31st Floor
New York, New York 10005
Tel: (212) 797-3544

an answer to the complaint which is herewith served upon you, within _____thirty_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

JAN 2 8 2005

CLERK  _Melanie L. Lopez_   DATE

(BY) DEPUTY CLERK

# United States District Court

**FILE**

SOUTHERN DISTRICT OF NEW YORK

**ECF CASE**

MARIE-CLAIRE NIVELLE,

Plaintiff

## SUMMONS IN A CIVIL CASE

V.

PRUDENTIAL FINANCIAL, INC and
PRUDENTIAL INSURANCE COMPANY
OF AMERICA

Defendants

CASE NUMBER:

JUDGE HOLWELL

**05 CV 0985**

TO: (Name and address of defendant)

PRUDENTIAL INSURANCE COMPANY OF AMERICA
Prudential Plaza
Newark, New Jersey 07102

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

JOSEPH A. FRENCH & ASSOCIATES, PLLC
20 Exchange Place, 31st Floor
New York, New York 10005
Tel: (212) 797-3544

an answer to the complaint which is herewith served upon you, within _____thirty_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**                    JAN 28 2005

CLERK                                     DATE

_Melanie L. Lopez_

(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARIE-CLAIRE NIVELLE,

                    Plaintiff,

    -against-

PRUDENTIAL FINANCIAL, INC. and
PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

                    Defendants.
----------------------------------------------------------X

Case No.

**COMPLAINT AND JURY DEMAND**

## JURISDICTION AND VENUE

1. Plaintiff MARIE-CLAIRE NIVELLE ("Nivelle") is an adult individual and a resident of the State of New York, County of New York.

2. Defendant PRUDENTIAL FINANCIAL, INC. ("Prudential Financial") is a public corporation organized and operating under the laws of the State of New Jersey, with a principal place of business at Prudential Plaza, Newark, New Jersey 07102.

3. Defendant PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential Insurance") is a wholly owned subsidiary corporation of Prudential Financial organized, and operating under the laws of the State of New Jersey, with a principal place of business at Prudential Plaza, Newark, New Jersey 07102.

4. Plaintiff Nivelle seeks relief under the Employment Retirement Security Act of 1974, specifically 29 U.S.C. 1132(a)(1)(B).

5. The United States District Courts have competent jurisdiction for claims under 29 U.S.C. 1132(a)(1)(B) (*See* 29 U.S.C. 1132(e)).

6. All administrative remedies provided by Prudential Financial and/or Prudential Insurance's plan covering Nivelle have been exhausted.

7. There is no amount in controversy requirement for claims under 29 U.S.C. 1132(a)(1)(B). (*See* 29 U.S.C. 1132(f)).

8. An employee benefit plan may be sued as an entity for claims under 29 U.S.C. 1132(a)(1)(B). (*See* 29 U.S.C. 1132(d)(1)).

9. This Court is the proper venue because at all relevant times plaintiff was employed in this district, and she has at all times maintained her residence in New York, New York.

## CLAIM FOR RELIEF

10. The plaintiff is a legal secretary. On August 31, 1999, and for two years and three months prior to this date, she was and had been an employee of Winthrop, Stimson, Putnam & Roberts, LLP ("Winthrop, Stimson"), the predecessor law firm to Pillsbury Winthrop, LLP. Winthrop, Stimson was then located at One Battery Park Plaza, New York, New York.

11. While a Winthrop, Stimson employee, plaintiff was well qualified, able to perform and was regularly performing every duty pertaining to her occupation.

12. At all times relevant to this complaint, Defendants Prudential Insurance and/or Prudential Financial were engaged in the business of writing insurance policies, including long-term disability policies, offered to the public in the State of New York, and were authorized to transact this business in the State of New York.

13. Upon information and belief, defendants Prudential Financial and/or Prudential Insurance sold disability coverage through licensed agents and/or licensed brokers operating pursuant to licenses/authority issued by the State of New York.

14. Upon information and belief, Prudential Insurance sold Long-term Disability Insurance Policy No. G-22986 ("the Policy") to Nivelle's employer Winthrop, Stimson. Upon information and belief, Winthrop, Stimson purchased the coverage as a benefit for its permanent staff, of which plaintiff Nivelle was a member. The program date of the Policy was July 1, 1997. A true and correct copy of the policy is attached as **Exhibit "A"**.

15. Upon information and belief, Winthrop, Stimson paid all necessary premiums when such premiums became due and fulfilled all other conditions of the Policy, which has remained in full force and effect.

16. Plaintiff Nivelle was an employee eligible for benefits under the Policy because she was a full-time employee, in a covered class, and had completed the relevant waiting period.

17. Plaintiff Nivelle became entitled to receive benefits as a result of her Total Disability, as defined in the Policy, on or about August 31, 1999.

18. Plaintiff has a Total Disability due to multiple symptoms that cause her severe muscular skeletal pain. First diagnosed in 1992, Plaintiff has a history of acute transverse myelitis. Acute transverse myelitis is a disorder of the spinal cord resulting in motor, sensory and autonomic dysfunction. Plaintiff suffers from a form of acute transverse myelitis known as Guillain Barre Syndrome. Upon the first attack of acute transverse myelitis in 1992, Plaintiff was temporarily paralyzed below the waist, unable to either walk or stand, and lost her bladder and bowel functions.

19. Following her first attack, Plaintiff Nivelle returned to work in 1992 and was able to perform her work in a satisfactory manner. Plaintiff Nivelle was subsequently hired as a legal secretary at the large national law firm of Winthrop, Stimson, in April 1997. She was assigned a significant work load and a large amount of responsibility in her job as a legal secretary. Upon

3

information and belief, plaintiff Nivelle was considered to be a valued member of the support staff by her employers at Winthrop, Stimson.

20. In August 1999, plaintiff Nivelle again became disabled. Her initial diagnosis was a severe case of carpal tunnel syndrome as well as severe tendonitis.

21. On September 2, 1999, Nivelle duly and properly submitted a notice of claim for disability benefits to Prudential Insurance.

22. At all relevant times, including September 2, 1999 to present, Nivelle has been permanently disabled within the meaning of the Policy, which reads in part:

> 'Total Disability' exists when Prudential determines that all of these conditions are met:
> (1) Due to sickness or accidental injury, both of these are true:
> (a) You are not about to perform, for wage or profit, the material and substantial duties of your occupation.
> (b) After the Initial Duration of a period of Total Disability, you are not able to perform for wage or profit the material and substantial duties of any job for which you are reasonably fitted by your education, training and experience. The Initial Duration is shown on the Schedule of Benefits.
> (2) You are not working at any job for wage or profit.
> (3) You are under the regular care of a Doctor.

23. On or about September 7, 1999, Prudential Insurance accepted plaintiff Nivelle's claim for Short Term Disability Benefits and made all necessary payments due to Nivelle and/or Nivelle's medical providers under the Policy.

24. On February 11, 2000, Prudential Insurance accepted Nivelle's claim for Long-term Disability Benefits and made all necessary payments due to Nivelle and/or Nivelle's medical providers under the Policy.

25. On March 23, 2000, Nivelle duly and properly submitted a second notice of disability benefits to Prudential Insurance updating the diagnosis of her medical condition.

26. Plaintiff Nivelle's updated diagnosis revealed a more serious underlying rhuemotological and muscular condition "(polyenthesopathy) manifested by recurrent episodes of inflammatory tendinitis throughout the entire body typically made worse by over use or relatively minor trauma...". (See Marketta report attached to Exhibit "B").

27. On March 27, 2000, Prudential Insurance again reported that plaintiff Nivelle met the requirements for Long-term Disability Benefits under the Policy and made all necessary payments due to Nivelle and/or Nivelle's medical providers under the Policy.

28. Plaintiff Nivelle's disability occurred through no fault of her own, occurred during the term of the policy, and resulted directly and independently of all other causes.

29. On February 11, 2002, after two and a half (2½) years of continuously uninterrupted and uncontested recognition of Plaintiff Nivelle's severe and Total Disability, Defendants Prudential Financial and/or Prudential Insurance terminated Nivelle's Long-term Disability Benefits under the insurance policy on the basis that "plaintiff Nivelle would be able to work, provided that Nivelle did not have to carry or lift heavy objects."

30. Defendants' basis for Nivelle's termination as quoted above is a completely inaccurate statement of Nivelle's abilities and capabilities, and it does not reflect the professional opinion of any of Nivelle's treating physicians.

31. On or about February 11, 2002, Nivelle telephoned defendants to advise that her bank account had not been credited with the proper disability funds then due and owed to her. Nivelle was told that her benefits were being discontinued. Prudential Financial and/or Prudential Insurance

subsequently sent plaintiff Nivelle a letter of termination of her claim for Long-term Disability Benefits under the Policy with a termination date of June 1, 2002. The basis for this determination by Prudential Financial and/or Prudential Insurance was that plaintiff Nivelle, "should be able to return to work in an accommodated position".

32. The basis of termination listed in ¶ 30 is a completely inaccurate statement of plaintiff Nivelle's abilities and does not reflect the professional opinion of any of Nivelle's treating physicians.

33. Contrary to the contention of the defendants, the administrative record establishes that plaintiff Nivelle is totally disabled within the meaning of the Policy. Rather than the robust assessment of plaintiff's health relied upon by the defendants, the administrative records reveal that Nivelle cannot work for more than fifteen (15) minutes per day, has severe tenderness and weakness in her extremities, has a low pain threshold and constant abdominal weakness. (*See* Third Administrative Appeal submitted by Russo & Burke, dated January 22, 2004, attached hereto as **Exhibit "B"**).

34. In fact, rather than make the recovery that is implicit in defendants' basis for termination of benefits, plaintiff Nivelle's condition worsened in the two and a half (2½) years between Nivelle's disability and termination. Nivelle's health continues to deteriorate.

35. Under the Policy, "Benefits are paid when Prudential receives written proof of the loss." As this Court has already determined, such language indicates that this Court should review Plaintiff's claim de novo, and not under an "abuse of discretion" standard. (*See* O'Sullivan v. The Prudential Ins. Co. of America, 2002 U.S. Dist. LEXIS 5349 (S.D.N.Y. March 19, 2002)).

6

36. Furthermore, good cause exists for this Court to hear evidence outside the administrative record because defendants have an insufficient internal review process. For example, Dr. Feuer, whose report was heavily relied upon by defendants in terminating plaintiff Nivelle's benefits, upon information and belief, performed only a cursory five (5) minute examination and did not report Nivelle's complaints of severe pain during the examination in his report.

37. Nivelle has performed all the terms and conditions required to collect Long-term Disability Benefits under the Policy, including making demand for payment and the furnishing of all required proof of loss statements, attending physicians' statements, and furnishing of all other information required by Prudential Financial and/or Prudential Insurance.

38. Plaintiff Nivelle has exhausted all of her available internal/administrative appeals under the terms of the Policy.

39. Plaintiff Nivelle is now unable to even walk without fear of falling due to her condition of being permanently disabled.

40. Defendants Prudential Financial and Prudential Insurance cannot deny in good faith that, since the onset of Nivelle's disability, Nivelle cannot now and will never again be able to perform her job duties as a legal secretary, nor, upon information and belief, any comparable employment.

41. Plaintiff Nivelle remains, due to her condition, unable to perform, for wage or profit, the material duties of her occupation as a legal secretary; after her initial duration period Nivelle is not able to perform, for wage or profit, the material duties of any job for which she is reasonably fitted by her education, training and experience; Nivelle is not currently working at any job for wage or profit; and Nivelle is under the regular care of several doctors. (*See* ¶ 22 above).

42. The repudiation of the policy obligations by Prudential Financial and/or Prudential Insurance without just cause amounted to a breach of its contract with Nivelle, a third-party beneficiary under the insurance agreement between Prudential Insurance and Winthrop, Stimson, and a breach of Prudential Financial's and/or Prudential Insurance's implied covenant of good faith and fair dealing. As a result of the bad faith of Prudential Financial and/or Prudential Insurance, Nivelle has:

    a. Been forced to take out a loan and incur bills on her personal credit card to pay bills for her every day living expenses, bills which rightfully should have been paid by Prudential Financial and/or Prudential Insurance under the Policy,

    b. Suffered severe emotional distress,

    c. Been forced to hire an attorney.

43. In refusing to pay the Long-term Disability Benefits clearly due to plaintiff Nivelle under the Policy with no reasonable basis for denial, Prudential Financial and/or Prudential Insurance engaged in improper conduct in conscious disregard for the rights of plaintiff Nivelle, and was guilty of intentional cruelty and oppression towards an insured that Prudential Financial and Prudential Insurance knew was already distressed due to the loss of a valued occupation and the financial distress that this loss of occupation has caused. Therefore, plaintiff Nivelle is entitled to punitive and exemplary damages from the defendant in an amount to be determined by the trier of fact in accordance with the Employment Retirement Security Act of 1974, including but not limited to 29 U.S.C. 1132 and New York State General Business Law § 349(h).

44. New York State General Business Law § 349 and 29 U.S.C. 1132 provide that a Court may award reasonable attorney's fees for a prevailing plaintiff.

8

## JURY DEMAND

45. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

Plaintiff Nivelle prays that defendants Prudential Financial and Prudential Insurance be cited to appear and Answer, and that on final trial and hearing, the judgment against the defendants Prudential Financial and Prudential Insurance be entered:

46. For specific performance of the insurance contract between Prudential Insurance and Winthrop, Stimson for which Nivelle is a third-party beneficiary, in that plaintiff Nivelle's Long-term Disability Benefits under the Policy be reinstated;

47. For reasonable attorney's fees expended by plaintiff Nivelle to secure payment of the Policy benefits pursuant to 29 U.S.C. 1132(g).

48. For a sum to be determined by the trier of fact as sufficient to compensate plaintiff Nivelle for the emotional distress caused by the bad faith of defendants Prudential Financial and/or Prudential Insurance.

49. For punitive or exemplary damages in an amount to be determined by the trier of fact;

50. For post-judgment interest as allowed by law;

51. For cost of suit pursuant to 29 U.S.C. 1132(g); and

52. For all other relief that this Court may deem just and proper.

Dated: New York, New York
January 28, 2005

JOSEPH A. FRENCH & ASSOCIATES, PLLC

By: _____
Joseph A. French (JAF 3580)
Attorneys for Plaintiff
20 Exchange Place, 31st Floor
New York, New York 10005
(212) 797-3544
File No.: 5750.1001